UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


**UNITED STATES OF AMERICA**,                    Criminal Case No. 3:04-293-KI

                    Plaintiff,                    OPINION AND ORDER

    v.

**TERELL WAYNE OVERTON**,

                    Defendant.

S. Amanda Marshall
United States Attorney
District of Oregon
Geoffrey A. Barrow
Assistant United States Attorney
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902

        Attorneys for Plaintiff

Stephen R. Sady
Chief Deputy Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

Attorney for Defendant

KING, Judge:

Defendant Terell Wayne Overton seeks a reduction of his 120-month sentence of imprisonment to a time served sentence. Pending before me are Overton's Motion to Reduce Sentence [60] and Supplemental Motion to Reduce Sentence [61]. I deny the motions.

## BACKGROUND

Overton entered a guilty plea to single-count Information charging him with knowingly and intentionally distributing five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He agreed in his plea agreement that he possessed at least 130 but less than 150 grams of cocaine base; he also agreed that he qualified as a Career Offender resulting in a Base Offense Level of 34 and a criminal history of VI, but with acceptance of responsibility he faced a guideline range of 188-235 months. The plea agreement permitted Overton to seek a two-level downward departure or adjustment, resulting in a guideline range of 151-188 months.

At the sentencing hearing on July 25, 2005, I found the base offense level was 32 but, recognizing that Overton agreed he was to be treated as a career offender, raised the offense level to 34. I adjusted the offense level by three to account for Overton's acceptance of responsibility and found the total offense level was 31 with a criminal history of VI, resulting in a guideline range of 188 to 235 months. I found the criminal history was over-represented, but that the

career offender enhancement was "technically correct," and noted Overton's history of selling small user amounts of cocaine. Tr. 16:19 [54]. I took the letters from family and other supporters into consideration. I also recognized the controversy surrounding crack cocaine and powder cocaine disparity but did not "mak[e] my decision based on the disparity in sentencing between crack cocaine and powder cocaine." Tr. 16:3-6.

I imposed a sentence of 140 months. In doing so, I stated,

> I arrive at that figure because I feel that's a just and reasonable sentence in this case for the activity. I am also thinking about a sentencing I had earlier this morning and the position that the Government took in that case, which was an appropriate position. It tried to look to the future in some degree. And I think Mr. Overton has made some attempts to recognize his situation. He's now 30 years old.

> And, Mr. Overton, if you don't turn your life around this time, you'll be in and out of prison the rest of your life.

> . . . .

> And I do want to say, I made a statement about that he was dealing user quantities. I recognize there is a fair amount involved overall, but the point I was trying to make is that Mr. Overton did not appear to be a person who was involved in a conspiracy, a large group of people importing and dealing drugs. But what he did was a very significant matter. I feel 140 months, almost 12 years, is a sufficient time for that sentence, because it is a serious offense.

Tr. 17:15-22; 21:11-19.

On July 14, 2008, Overton filed a Motion to Reduce Sentence, relying on the Sentencing Commission's determination at that time that the Drug Quantity Table overstated the seriousness of crack cocaine and that a reduction in two levels would correct the disparity. With the two-level reduction from the guideline range, with the same adjustments, departures and criminal history category, he asserted his new advisory guideline range was 120-150 months. He also

asked for an additional one level departure, to 110 months, based on 18 U.S.C. § 3553(a) factors

to account for his progress in prison.

I granted the two-level guideline reduction and, pursuant to 18 U.S.C. § 3582(c)(2),

imposed a sentence of 120 months. In doing so I stated,

> The previous term of imprisonment was less than the guideline range because I
> imposed a non-career offender sentence due to the nature and age of the
> convictions. The reduced sentence is comparably less than the amended guideline
> range would be without the career offender enhancement.
>
> . . . .
>
> Although I was asked at the previous sentencing hearing to consider the disparity
> between sentences for cocaine base versus powder cocaine, I explicitly declined to
> do so. Overton's initial sentence was "based on" a sentencing range that has been
> lowered by Amendment 706 and I have discretion to reduce his sentence pursuant
> to 18 U.S.C. § 3582.

Order Regarding Mot. for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) [59]. I relied

on the cases cited by defense counsel, which allowed the reduction for defendants who

previously received departures for over-represented criminal history even though they qualified

as career offenders. See Def.'s Reply [57] and Supplemental Mem. [58].

## DISCUSSION

Overton asks for a reduction of his sentence based on the Sentencing Commission's crack

cocaine guideline amendments implemented after passage of the Fair Sentencing Act of August

2010 and recently made retroactive effective November 1, 2011. Specifically, part A of

Amendment 750 changed the offense levels in U.S.S.G. § 2D1.1 for crack cocaine offenses.

The statute on which Overton relies provides that the Court "may reduce a term of

imprisonment, . . . if such a reduction is consistent with applicable policy statements issued by

the Sentencing Commission."  18 U.S.C. § 3582(c)(2) (emphasis added).  In U.S.S.G. § 1B1.10,

the Sentencing Commission set out its policy in addressing a reduction of imprisonment as a

result of an amended guideline range, reiterating that the Court "may reduce the defendant's term

of imprisonment as provided by 18 U.S.C. § 3582(c)(2)," but that "any such reduction in the

defendant's term of imprisonment shall be consistent with this policy statement."  U.S.S.G.

§ 1B1.10(a)(1).  Importantly,

> (2)    Exclusions.—A reduction in the defendant's term of imprisonment is not
> consistent with this policy statement and therefore is not authorized under
> 18 U.S.C. § 3582(c)(2) if—
>
> . . . .
>
> (B)    an amendment listed in subsection (c) does not have the effect of
> lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a).  In the November 1, 2011 guideline amendments, the Sentencing

Commission makes it clear that consideration under 18 U.S.C. § 3582(c)(2) is triggered only

when the applicable guideline range is lowered, and that the applicable guideline range is the

offense level and criminal history before departure or variance.  U.S.S.G. § 1B1.10, Application

Note 1.  Further, the Sentencing Commission expressly adopted the approach of the Sixth, Eighth

and Tenth Circuits holding a career-offender defendant ineligible for a reduction, even where the

court departed for over-represented criminal history.  See Gov't Resp. 8 (quoting U.S.S.G. §

1B1.10, cmt. (Nov. 1, 2011)).

The Supreme Court has also reiterated that "[a]ny reduction must be consistent with

applicable policy statements issued by the Sentencing Commission."  Dillon v. United States,

130 S. Ct. 2683, 2688 (2010). It then explained the two steps the Court must follow in applying

Section 1B1.10:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Ibid.

> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A). . . .

> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

Id. at 2691-92.

Complying with the Supreme Court's and Sentencing Commission's directives, Overton is not entitled to a further sentence reduction. Although I imposed a non-career offender sentence due to the over-represented criminal history, he was subject to the career offender guideline; his applicable guideline range pre-departure is not affected by the amendment. Overton benefitted from an ambiguity in 2008, but I am now constrained both by the Supreme Court and the Sentencing Commission's policy statements containing no ambiguity. Overton is not entitled to a reduction in his sentence.

I also state for the record that I understand Overton's law of the case argument but I find that, even if he were entitled to a reduction for that reason, the 120-month sentence is a reasonable sentence. I am pleased to see how well Overton has used his time in prison, but this was his fourth drug distribution conviction, he did not perform well on pretrial release, he received substantial consideration from the government, a significant variance from me, and a further reduction of 20 months in 2008. His sentence of 120 months is a reasonable sentence.

## CONCLUSION

For the reasons set forth above, I deny Overton's Motion to Reduce Sentence [60] and Supplemental Motion to Reduce Sentence [61].

IT IS SO ORDERED.

DATED this ____9th____ day of December, 2011.


 /s/ Garr M. King

Garr M. King
United States District Judge